UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MISAEL AVILA, *individually and on behalf of all others similarly situated,*<br><br>                               Plaintiff,<br><br>-against-<br><br>SAR GROUP INC., SERGIO ARTURO RAYMUNDO, individually, and CESAR DAVID HERNANDEZ, individually,<br><br>                               Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**CLASS AND COLLECTIVE ACTION** |

Plaintiff, MISAEL AVILA, individually and on behalf of all others similarly situated, by his attorneys, upon personal knowledge as to himself and upon information and belief as to all other matters, complaining of Defendants, SAR GROUP INC., SERGIO ARTURO RAYMUNDO, individually, and CESAR DAVID HERNANDEZ, individually(collectively "Defendants") alleges:

## 1. <u>NATURE OF THE ACTION</u>

1.      This is a wage and hour action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), New York Labor Law § 190, et seq. ("NYLL"), New York Construction Industry Fair Play Act, Wage Theft Protection Act, and implementing regulations.

## 2. <u>JURISDICTION AND VENUE</u>

2.      This Court has subject matter jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as the venue where a substantial part of the events or omissions giving rise to the claim occurred.

3.  **PARTIES**

3.1.  **Plaintiffs**

3.1.1. **Plaintiff MISAEL AVILA**

4.        Plaintiff MISAEL AVILA resides in Queens, New York.

3.2.  **Defendants**

3.2.1.  **Corporate Defendant SAR GROUP INC**

5.        Defendant SAR GROUP INC is a Domestic Business Corporation organized under

the laws of the County of Ulster State of New York.

6.        The principal executive office address of Defendant SAR GROUP INC is 211 Main

Street, New Paltz, NY 12561.

7.        The mailing address of Defendant SAR GROUP INC is 211 Main Street, New Paltz,

NY 12561.

8.        The business phone number of Defendant SAR GROUP INC is (845)-417-7370.

9.        Defendant SAR GROUP INC exercised control over the terms and conditions of

employees' employment, including Plaintiff, in that it has and had the power to: (i) hire and fire

employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise

and control the work of the employees, and (v) otherwise affect the quality of the employees'

employment.

10.        Defendant SAR GROUP INC exercised control, oversight, and direction over

Plaintiff and similarly situated employees.

11.        Defendant SAR GROUP INC applied uniform employment policies, practices, and

procedures to all employees, including those related to overtime compensation, and recordkeeping.

12.        Defendant SAR GROUP INC is a covered employer under both the FLSA and the

NYLL and employed Plaintiff as well as similarly situated employees.

### 3.2.2. **Defendant SERGIO ARTURO RAYMUNDO**

13.     Defendant SERGIO ARTURO RAYMUNDO is the Owner of SAR GROUP INC.

14.     Defendant SERGIO ARTURO RAYMUNDO paid wages of Plaintiff MISAEL AVILA.

15.     Defendant SERGIO ARTURO RAYMUNDO scheduled the work hours of Plaintiff MISAEL AVILA.

16.     Defendant SERGIO ARTURO RAYMUNDO controlled the terms and conditions of employment of Plaintiff MISAEL AVILA.

17.     Defendant MISAEL AVILA kept payroll records, if any, regarding Plaintiff MISAEL AVILA.

18.     Defendant SERGIO ARTURO RAYMUNDO had power to fire Plaintiff MISAEL AVILA.

19.     Defendant SERGIO ARTURO RAYMUNDO exercised sufficient control over the operations of SAR GROUP INC to be considered an employer under the FLSA and NYLL.

20.     Defendant SERGIO ARTURO RAYMUNDO is an employer under the FLSA and NYLL.

### 3.2.3. **Defendant CESAR DAVID HERNANDEZ**

21.     Defendant CESAR DAVID HERNANDEZ is an employee of SAR GROUP INC.

22.     Defendant CESAR DAVID HERNANDEZ hired Plaintiff MISAEL AVILA.

23.     Defendant CESAR DAVID HERNANDEZ supervised Plaintiff MISAEL AVILA.

24.     Defendant CESAR DAVID HERNANDEZ managed Plaintiff MISAEL AVILA.

25.     Defendant CESAR DAVID HERNANDEZ paid wages of Plaintiff MISAEL AVILA.

26.    Defendant CESAR DAVID HERNANDEZ scheduled the work hours of Plaintiff MISAEL AVILA.

27.    Defendant CESAR DAVID HERNANDEZ controlled the terms and conditions of employment of Plaintiff MISAEL AVILA.

28.    Defendant CESAR DAVID HERNANDEZ had power to fire Plaintiff MISAEL AVILA.

29.    Defendant CESAR DAVID HERNANDEZ exercised sufficient control over the operations of SAR GROUP INC to be considered an employer under the FLSA and NYLL.

30.    Defendant CESAR DAVID HERNANDEZ is an employer under the FLSA and NYLL.

4.  **FACTUAL ALLEGATIONS**

4.1. **Wage and Hour Violations as to Plaintiff MISAEL AVILA**

31.    Plaintiff MISAEL AVILA was ostensibly employed as a drywall installer.

32.    Plaintiff MISAEL AVILA's job responsibilities included but were not limited to making and installing drywall.

33.    Plaintiff MISAEL AVILA was hired on or about March 31, 2022.

34.    Plaintiff MISAEL AVILA was hired by Defendant CESAR DAVID HERNANDEZ.

35.    Plaintiff MISAEL AVILA was supervised by Defendant CESAR DAVID HERNANDEZ.

36.    Plaintiff MISAEL AVILA worked exclusively in Manhattan.

37.    Plaintiff MISAEL AVILA was employed by Defendants until approximately December 19, 2022.

38.     From approximately March 31, 2022, to December 19, 2022, Plaintiff MISAEL AVILA was paid approximately $220 per day, regardless of hours worked throughout the week.

39.     From approximately March 31, 2022, to December 19, 2022, Plaintiff MISAEL AVILA routinely worked more than 40 hours per week. Every other workweek, Plaintiff worked six days per week from approximately 7:00 AM to 3:30 PM (i.e., approximately 48 hours per week).

**4.2. <u>Change this Defendants' Payroll Recordkeeping Practices.</u>**

40.     Defendants did not keep accurate records of the number of hours worked each day by Plaintiff.

41.     Defendants did not keep accurate records of the number of hours worked each week by Plaintiff.

42.     Defendants did not keep accurate records of the time of arrival and departure of Plaintiff for each work shift.

43.     Defendants did not keep accurate records of the regular wages earned by Plaintiff.

44.     Defendants did not keep accurate records of overtime wages earned by Plaintiff.

45.     Plaintiff was not given wage statements with each payment of wages as required by the NYLL.

46.     Plaintiff was not given a wage notice at the time of hiring or when rates of pay changed that, inter alia, accurately reflected his rate or rates of pay and number of hours worked per week, as required by the NYLL.

47.     In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay.

48.     Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. See N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely. 140. Here, Defendants' failure goes beyond generating a risk of harm to Plaintiff. Defendants' conduct actually harmed Plaintiff. Defendants' failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, deprived employees of the ability to contest Defendants' calculations, allowed Defendants to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiff's rights. This conduct ensured Defendants' ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law. Moreover, Defendants failure to provide wage notices allowed Defendants to hide the proper frequency of pay to employees. Defendants' failure to provide a wage notice to employees allowed Defendants to hide their responsibility and deprive employees of timely compensation.

49.     Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff.

**5.  COLLECTIVE ACTION ALLEGATIONS**

50.     Plaintiff brings this action on behalf of himself, and all similarly situated drywall installers and construction workers who worked for Defendants within the statute of limitations period prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective").

51.     The FLSA Collective consists of over 40 employees who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them proper overtime wages .

52.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to the Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

     a.     willfully failing to pay its employees, including Plaintiff and the FLSA Collective, the appropriate premium overtime wages for all hours worked in excess of 40 hours in a workweek; and

     b.     willfully failing to record all the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants

53.     Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiff and the FLSA Collective.

54.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated construction workers can be readily identified and located through Defendants' records. The similarly situated construction workers should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

55.     Upon information and belief, those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

**6.   CLASS ACTION ALLEGATIONS**

56.     Plaintiff brings the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a class consisting of all similarly

situated drywall installers and construction workers who work or have worked for Defendants within the six years and 228 days prior to the filing of this Complaint (the "Rule 23 Class").

57.     The class is so numerous that joinder of all members is impracticable because there are more than 40 members of the Rule 23 Class.

58.     There are questions of law or fact common to the class including but not limited to:

   a.    whether Defendants violated New York state overtime requirements;

   b.    whether Defendants violated wage notice requirements under the Wage Theft Protection Act; and,

   c.    whether Defendants violated wage statement requirements under the Wage Theft Protection Act.

59.     The claims or defenses of the representative parties are typical of the claims or defenses of the class because anyone would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment, work or worked for Defendants within the statutory period, and sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

60.     Plaintiff and the Rule 23 Class were all injured in that they were victims of Defendants' violations of the NYLL due to Defendants' common policies, practices, and patterns of conduct.

61.     The named Plaintiff will fairly and adequately protect the interests of the class.

62.     Plaintiff have retained legal counsel competent and experienced in wage and hour litigation and class action litigation.

63.     There is no conflict between the named Plaintiff and the Rule 23 Class members.

64.     Prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would

establish incompatible standards of conduct for Defendants or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

65.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

66.    Class action treatment will permit a large number of similar people to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

67.    Defendants acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

68.    Questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy given (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

## 7.  <u>CAUSES OF ACTION</u>

### 7.1.  <u>Violations of the Fair Labor Standards Act</u>

69.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

70.     Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. §
216(b).

71.     At all relevant times, each Defendant was an "employer" as defined in 29 U.S.C. §
203.

72.     At all relevant times, Plaintiff and each member of the FLSA Collective was an
"employee" as defined in 29 U.S.C. § 203.

73.     At all relevant times, each Defendant was engaged in commerce or in the production
of goods or commerce as defined in 29 U.S.C. § 203, 206 and 207.

74.     Plaintiff and each member of the FLSA Collective is a covered individual within the
meaning of the FLSA under 29 U.S.C. § 203, 206 and 207.

75.     At all relevant times, Defendants employed Plaintiff and each member of the FLSA
Collective within the meaning of the FLSA.

76.     At all relevant times, Defendants' gross annual revenues exceeded $500,000.

77.     Defendants failed to pay Plaintiff and the FLSA Collective overtime as required by
29 U.S.C. § 207.

78.     Records, if any, concerning the number of hours worked by Plaintiff and each
member of the FLSA Collective and the actual compensation paid to Plaintiff and the FLSA
Collective should be in the possession and custody of Defendants. Plaintiff intends to obtain these
records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will
then seek leave of Court to amend this Complaint to set forth the precise amount due.

79.     Each Defendant's unlawful conduct has been willful and intentional. Each
Defendant knew or should have known that the practices described in this Complaint were
unlawful. Each Defendant did not make a good faith effort to comply with the FLSA with respect to
compensating Plaintiff and each member of the FLSA Collective.

80.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

81.    Plaintiff and the FLSA Collective are entitled to recover damages, including liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation as provided by 29 U.S.C. §§ 201 et seq.

82.    Plaintiff and the FLSA Collective are entitled to reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**7.2. <u>Violations of New York Labor Law</u>**

83.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

84.    At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law §§ 2, 650, and 651 et seq. and the supporting New York State Department of Labor Regulations.

85.    Each Defendant knowingly and willfully violated Plaintiff's rights by failing to pay overtime compensation at rates of not less than one and one-half times Plaintiff's regular hourly rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

86.    Each Defendant did not provide Plaintiff with a document or written statement accurately accounting for their actual hours worked, and setting forth his hourly rate of pay, regular wage, and/or overtime wages.

87.    Upon information and belief, this was done in order to disguise the actual number of hours Plaintiff worked, and to avoid paying for their full hours worked, and overtime due.

88.    Each Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete payroll records.

89.    Each Defendant is a contractor as defined in N.Y. Lab. Law § 198-e.

90.     The individual Defendants are owners as defined in N.Y. Lab. Law § 198-e.

91.     Due to Defendants' violations of NYLL, Plaintiff is entitled to recover unpaid wages, overtime, liquidated damages, interest, attorneys' fees, and costs as provided by NYLL § 663(1), §§ 198 and 198-e.

### 7.3. **Violations of New York State Wage Theft Prevention Act**

92.     Plaintiff repeats and incorporates all preceding paragraphs as if fully set forth herein.

93.     The Wage Theft Prevention Act requires employers to provide written notification of employees' rate of pay and regular payday.

94.     It also requires written wage statements with each payment, detailing hours worked, wages, deductions, and allowances.

95.     Defendants failed to provide Plaintiff with written notice of pay rates or regular wage statements, in violation of NYLL § 195(1).

96.     Plaintiff is entitled to statutory damages of $250 per workday of violation, up to $5,000, as provided by NYLL § 198-1(b).

97.     Defendants also failed to provide wage statements in accordance with NYLL § 195(3), entitling Plaintiff to damages of $50 per workday of violation, up to $5,000, under NYLL § 198-1(d).

98.     Plaintiff is entitled to recover civil penalties, attorneys' fees, and costs due to Defendants' violations of the Wage Theft Prevention Act.

### 7.4. **New York Construction Industry Fair Play Act**

99.      Plaintiff repeats and incorporates all preceding paragraphs as if fully set forth herein.

100.    Defendants engaged in "construction" as defined by N.Y. Lab. Law § 861-b.

101.    Plaintiff was engaged in construction as defined by N.Y. Lab. Law § 861-b.

102.    Defendants were "contractors" under N.Y. Lab. Law § 861-b.

103.    Plaintiff was misclassified as an independent contractor in violation of N.Y. Lab. Law § 861-c. Plaintiff was, in fact, an employee based on the criteria set forth in N.Y. Lab. Law § 861-c(1), and Defendants failed to demonstrate that Plaintiff was a separate business entity under N.Y. Lab. Law § 861-c(2).

104.    Defendants failed to post the required notices concerning employee classification, violating N.Y. Lab. Law § 861-d.

105.    Due to Defendants' willful misclassification of Plaintiff as an independent contractor in violation of N.Y. Lab. Law § 861-c, Plaintiff is entitled to the following damages: Defendants are liable for civil penalties of up to $2,500 for the first violation per misclassified employee and up to $5,000 for each subsequent violation within a five-year period, pursuant to N.Y. Lab. Law § 861-e(3); Plaintiff is entitled to economic relief for lost wages, benefits, and other statutory entitlements, including workers' compensation and unemployment insurance, as a result of the misclassification, under N.Y. Lab. Law § 861-e(6).

106.    Plaintiff is entitled to recover reasonable attorneys' fees and costs under the provisions of the Fair Play Act and related statutes.

## 8. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for judgment against Defendants as follows:

107.    Certification of the Collective Action

   a.    That the Court certify this action as a collective action under 29 U.S.C. § 216(b) and authorize prompt issuance of notice to all persons in the FLSA Collective to inform them of this litigation and their right to opt-in to this action;

108.    Certification of the Class Action

a.   Certification of the Rule 23 Class pursuant to Rule 23 of the Federal Rules of Civil
Procedure;

b.   Designation of Plaintiff as the Class Representative for the Rule 23 Class and the
FLSA Collective;

c.   Designation of Plaintiff's counsel as Class Counsel;

109.    Unpaid Wages and Overtime

a.   A judgment against Defendants for their violations of the Fair Labor Standards Act
and New York Labor Law for failure to pay overtime wages, awarding Plaintiff and all
similarly situated persons their unpaid wages, including overtime pay, for all hours worked
over forty (40) per week;

110.    Liquidated and Statutory Damages

a.   Liquidated damages under the FLSA and New York Labor Law in an amount equal
to the unpaid wages owed to Plaintiff and all similarly situated persons;

b.   Statutory damages of up to $5,000 for failure to provide wage notices and wage
statements as required by the New York Wage Theft Prevention Act, NYLL § 195;

111.    Civil Penalties under New York Labor Law

a.   Civil penalties as provided by New York Labor Law § 861-e for Defendants' willful
misclassification of Plaintiff and similarly situated workers as independent contractors,
including up to $2,500 for the first violation and $5,000 for each subsequent violation;

112.    Economic and Equitable Relief

a.   Economic relief in the form of lost wages, benefits, workers' compensation, and
unemployment insurance pursuant to the New York Construction Industry Fair Play Act,
NYLL § 861-e(6);

b.   Appropriate injunctive and declaratory relief to remedy Defendants' violations of the

New York Labor Law and Fair Labor Standards Act, including an injunction against further

violations;

113.   Attorneys' Fees and Costs

a.   An award of reasonable attorneys' fees, costs, and expenses pursuant to 29 U.S.C. §

216(b), NYLL §§ 198 and 861-e, and other applicable laws;

114.   A declaratory judgment that the practices complained of herein are unlawful under

the FLSA, the NYLL;

115.   Pre- and Post-Judgment Interest

a.   Pre- and post-judgment interest on all damages awarded as allowed by law; and

116.   Further Relief

a.   Such other and further relief as the Court deems just and proper.

117.   A declaratory judgment that the practices complained of herein are unlawful under

the FLSA, the NYLL;

**9.  <u>JURY TRIAL DEMAND</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by

jury in this action.

Dated: Queens, New York                    SACCO & FILLAS LLP
            August 23, 2024

                                             By:  _____*/ s/ Clifford Tucker*_____
                                               Clifford Tucker, Esq.
                                               Oscar Alvarado, Esq.
                                               31-19 Newtown Ave, Seventh Floor
                                             Astoria, NY 11102
                                           Tel: 718-269-2243
                                           Fax: 718-559-6517
                                           CTucker@SaccoFillas.com
                                           OAlvarado@SaccoFillas.com
                                           *Attorneys for Plaintiffs*

15

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER

## LIABILITY FOR SERVICES RENDERED

TO: SAR GROUP INC

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Plaintiff and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of SAR GROUP INC for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Queens, New York                              SACCO & FILLAS LLP
                    August 23, 2024

                                                     By: _____/s/ Clifford Tucker_____
                                                          Clifford Tucker, Esq.
                                                          Oscar Alvarado, Esq.
                                                          31-19 Newtown Ave, Seventh Floor
                                                          Astoria, NY 11102
                                                          Tel: 718-269-2243
                                                          Fax: 718-559-6517
                                                          CTucker@SaccoFillas.com
                                                          OAlvarado@SaccoFillas.com
                                                          *Attorneys for Plaintiffs*

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO: SAR GROUP INC

PLEASE TAKE NOTICE, that Plaintiffs and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Queens, New York
              August 23, 2024

SACCO & FILLAS LLP

By: _____ */s/Clifford Tucker* _____
    Clifford Tucker, Esq.
    Oscar Alvarado, Esq.
    31-19 Newtown Ave, Seventh Floor
    Astoria, NY 11102
    Tel: 718-269-2243
    Fax: 718-559-6517
    CTucker@SaccoFillas.com
    OAlvarado@SaccoFillas.com
    *Attorneys for Plaintiffs*

## CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New York Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Por la presente doy mi consentimiento para ser parte demandante en una acción para recuperar salarios impagos, incluidos, entre otros, salarios mínimos, horas extras, distribución de horas, gratificaciones, daños legales y liquidados, honorarios de abogados, costos, intereses y otras sumas que se me deben. y otros empleados en situaciones similares bajo la Ley Federal de Normas Laborales Justas, la Ley Laboral de Nueva York y las regulaciones de implementación y órdenes salariales.

Por la presente autorizo a Sacco & Fillas LLP a presentar cualquier reclamo que pueda tener, incluido el litigio que pueda ser necesario, y por la presente doy mi consentimiento, acepto y tengo la opción de convertirme en demandante en este documento y quedar obligado por cualquier acuerdo de esta acción o adjudicación por La corte.

Name / Nombre: Misael Avila _____

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/ Firma: _Misael Avila (Mar 27, 2024 11:57 EDT)___    Date/ Fecha: 27/03/2024 _____